IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>         Plaintiff,<br><br>vs.<br><br>TAGGERT BOYD, SHANE THURMAN, and DR. DANIAL DANAHER,<br><br>         Defendants. | 8:23CV178<br><br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, Kevin L. Ballard ("Plaintiff"), a state prisoner currently incarcerated at the Tecumseh State Correctional Institution,[1] filed his Complaint, Filing No. 1, and has been granted leave to proceed in forma pauperis, Filing No. 7. The Court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the Court are Plaintiff's Motion for Summons, Filing No. 4; Motion for Extension of Time, Filing No. 8; and Motion for Status Update, Filing No. 9. For the reasons stated below, Plaintiff's claims against Defendants Shane Thurman and Dr. Daniel Danaher[2] will be allowed to proceed and his Motions will be granted. Plaintiff's claims against Taggert Boyd will be dismissed.

### I. SUMMARY OF THE COMPLAINT

    Plaintiff brings this suit under 42 U.S.C. § 1983 concerning an incident that occurred on June 6, 2019, while he was confined at the Diagnostic and Evaluation Center

---

[1] When Plaintiff filed his Complaint, he was confined in the Lincoln Correctional Center. Though Plaintiff has not updated his address, the Nebraska Department of Correctional Services' online public inmate records show that Plaintiff is currently confined in the Tecumseh State Correctional Institution. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited July 10, 2024).

[2] The correct spelling of Dr. Danaher's first name is Daniel, which the Court will use throughout this Memorandum and Order. His last name is given various spellings throughout the Complaint, but the Court will use the correct spelling of Danaher.

("DEC") in Lincoln, Nebraska. Plaintiff claims a correctional officer used excessive force in breaking up an altercation between himself and another inmate, causing Plaintiff to suffer a broken hand and a traumatic head injury. Plaintiff also claims he did not receive adequate medical treatment for his injuries at DEC or when he was subsequently transferred to the adjacent Lincoln Correctional Center ("LCC").

The Court takes judicial notice[3] that this action is directly related to Case No. 4:20CV3046, which Plaintiff voluntarily dismissed without prejudice, and Case No. 8:22CV90, which the Court dismissed without prejudice after entering summary judgment against Plaintiff. The complaint in Case No. 4:20CV3046 was permitted to proceed to service of process against three defendants in their individual capacities only: Shane Thurman, a case manager at DEC, for using excessive force; Taggart Boyd, the warden of DEC and LCC, for failing to protect Plaintiff from Thurman's use of excessive force; and Dr. Daniel Danaher, a doctor at LCC, for failing to provide adequate medical care. Plaintiff sues the same Defendants in this case.

In Case No. 8:22CV90, Plaintiff again sued Thurman for excessive force, Boyd for failing to protect Plaintiff from Thurman's excessive force, Dr. Danaher and several other individuals for inadequate medical care. The Court permitted the complaint in Case No. 8:22CV90 to proceed to service of process against Thurman and Dr. Danaher, with all other claims being dismissed without prejudice. The Court granted Thurman and Dr. Danaher's motion for summary judgment and dismissed the claims without prejudice.

---

[3] "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). The Court can take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

The Court reasoned that Plaintiff failed to show he exhausted his available administrative remedies regarding the claims of excessive force against Thurman and inadequate medical care against Dr. Danaher.

In this case, Plaintiff again sues Thurman for excessive force and Dr. Danaher for inadequate medical care. Plaintiff also again sues Boyd for deliberate indifference in failing to protect Plaintiff from Thurman and for ignoring overcrowding at DEC and LCC which led to Thurman's excessive force against Plaintiff.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

3

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In this case, Plaintiff claims Defendants, while acting as state employees, violated his rights under the Eighth Amendment.

**A.  Deliberate Indifference Claims Against Boyd**

Plaintiff's cause of action for deliberate indifference proceeds on two theories. First, Plaintiff generally alleges that Boyd violated Plaintiff's Eighth Amendment rights by ignoring overcrowding issues in the DEC.[4] When prison overcrowding leads to deprivations of essential food, medical care, sanitation, increased violence among inmates, or other intolerable prison conditions, an Eighth Amendment claim may exist. *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). However, to successfully state a claim under § 1983, Plaintiff must allege each individual defendant's personal involvement in the alleged violation. *Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690,

---

[4] Plaintiff made a similar claim in Case No. 8:22CV90, but has added specific allegations about the nature of the overcrowding at DEC and LCC.

4

700 (8th Cir. 2020). To show personal involvement, Plaintiff must allege that Boyd was not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed," but that he "also dr[e]w the inference." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Davis v. Oregon Cty.*, 607 F.3d 543, 548-49 (8th Cir. 2010)); *see also Kulkay v. Roy*, 847 F.3d 637, 644 (8th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("To show deliberate indifference via circumstantial evidence, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'").

To make this showing, Plaintiff asserts that, at the time of his injuries, the DEC held an inmate population in excess of design capacity by no more than 120%. Plaintiff alleges that the inmate population at LCC exceeded that design capacity by 90% and that the medical departments at both institutions were understaffed by 60%. Even if Boyd had the ability to remedy these conditions and acted unreasonably by failing to do so, these allegations do not make a plausible showing that Boyd inferred there was a substantial risk of serious harm to Plaintiff. *See Moser v. Frakes*, No. 8:18CV551, 2019 WL 3219463, at *4 (D. Neb. July 17, 2019) (dismissing claim on initial review where even though plaintiff alleged facility was at 107% of its designed capacity and defendants knew the facility was generally understaffed, plaintiff failed to allege defendants inferred a substantial risk of harm to plaintiff); *see also Crow v. Montgomery,* 403 F.3d 598, 602 (8th Cir. 2005) (finding overcrowding and understaffing showed jail officials may have been negligent but did not "rise to the level of deliberate indifference"), *overruled in part on other grounds by Pearson*

v. Callahan, 555 U.S. 223 (2009). Thus, Plaintiff's first theory of deliberate indifference against Boyd fails to state a claim.

Plaintiff's second theory is that Boyd was deliberately indifferent to Plaintiff by failing to protect Plaintiff from Thurman. For the same reasons stated in Case No. 8:22CV90, Plaintiff again fails to state a claim against Boyd for failure to protect. See Case No. 8:22CV90, Filing No. 7 at 4-5. Plaintiff alleges that Boyd failed to protect Plaintiff from Thurman because "Boyd new [sic] that both his prisons were busting out of the seems [sic]." Filing No. 1 at 5. Plaintiff's allegations about general overcrowding fail to show that Boyd "[r]eceived notice of a pattern of unconstitutional acts committed by subordinates" and "[d]emonstrated deliberate indifference to or tacit authorization of the offensive acts[.]" Parris v. Ball, 594 F.3d 993, 1002 (8th Cir. 2010). Accordingly, Plaintiff's allegations do not state a claim for relief for failure to protect and Plaintiff's claims against Boyd will be dismissed.

**B. Excessive Force**

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)). This inquiry turns on "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent

of injury inflicted," from which "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* (quoting *Whitley*, 475 U.S. at 321).

Plaintiff alleges another inmate attacked him in the DEC recreation yard on the morning of June 6, 2019, and he was forced to defend himself. Unit staff called for back-up to break up the altercation. When security staff arrived, chemical agents were deployed. Plaintiff broke off from the altercation and surrendered himself, but Defendant Thurman forcibly tackled him. Thurman then became enraged, grabbed Plaintiff's head, and slammed it into the concrete. Plaintiff's hand was also broken. Filing No. 1 at 2.

The Court finds for purposes of initial review that the foregoing allegations contain sufficient facts to state a plausible § 1983 claim against Defendant Thurman for the use of excessive force, in violation of Plaintiff's Eighth Amendment rights.

**C. Inadequate Medical Care**

The Eighth Amendment's prohibition on cruel and unusual punishment also protects prisoners from deliberate indifference to objectively serious medical needs. *See Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). An objectively serious medical need is one "diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008) (internal quotation marks omitted). A plaintiff claiming deliberate indifference must show an objectively serious medical need that the "defendant actually knew of, but deliberately disregarded." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009). "In order to demonstrate that a

7

defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Vaughn v. Gray,* 557 F.3d 904, 908 (8th Cir. 2009) (internal quotation omitted). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (internal quotation marks and citations omitted).

Plaintiff was taken to the DEC's Specialized Nursing Facility (SNF), Plaintiff spoke with the attending nurse and told the nurse that he believed he sustained a broken hand and a head injury as a result of having his head slammed into the ground by Thurman. The nurse informed Plaintiff that there were no doctors on site to treat him. After about an hour he was taken from a holding cell at SNF and moved to LCC, where he was placed in solitary confinement. Filing No. 1 at 3.

Following his transfer to LCC, Plaintiff continually requested treatment form LCC staff. Plaintiff alleges he did not receive requested medical treatment until June 9, 2019, when he was seen by Dr. Danaher. Danaher did not order an x-ray of Plaintiff's hand or a scan of Plaintiff's head. Danaher only provided Plaintiff with an ice pack and ordered him returned to his cell. Plaintiff was held in segregation for about 21 days, allegedly receiving very little attention during this time. During this time, he experienced vertigo, dizziness, headaches, and nausea. Plaintiff also had numerous falls and was forced to use a walker or wheelchair. Filing No. 1 at 3.

Plaintiff alleges that on June 27, 2019, a physician at DEC, Dr. Houstead, learned of Plaintiff's condition and ordered that he be taken to the emergency department at Bryan

8

West Hospital. A head scan was performed and Plaintiff was diagnosed with severe vertigo resulting from head trauma. Dr. Houstead then ordered that Plaintiff be transferred back to SNF at DEC for monitoring and that Plaintiff's hand be x-rayed. The x-ray confirmed the hand was broken and had not healed properly. Plaintiff was hospitalized for approximately five months under Dr. Houstead's care, but continued to experience vertigo, dizziness, and nausea, and has limited use of his dominant hand. Filing No. 1 at 3-4.

The Court finds for purposes of initial review that the foregoing allegations contain sufficient facts to state a plausible claim against Defendant Danaher for deliberate indifference to Plaintiff's serious medical needs, in violation of Plaintiff's Eighth Amendment rights.

**D. Exhaustion of Remedies**

While outside the scope of initial review, the Court notes that the Prison Litigation Reform Act (PLRA) requires state prisoners who wish to pursue a claim under § 1983 to exhaust their administrative remedies. 42 U.S.C. § 1997e(a). Specifically, the PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). In other words, exhaustion must occur

9

prior to filing suit in federal court, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Plaintiff's previous case, Case No. 8:22CV90—which was based largely on the same allegations made in the Complaint in this case—was dismissed because Plaintiff failed at the summary judgment stage to show he exhausted his administrative remedies. However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216; see also *Porter,* 781 F.3d at 451 ("Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion.").

So, while the Court cannot consider Plaintiff's possible failure to exhaust administrative remedies on initial review, Plaintiff is cautioned that failure to exhaust is again a likely defense to his claim should this case proceed further.

### IV.  OTHER PENDING MOTIONS

Plaintiff also filed a Motion for Summons, Filing No. 4 and Motion for Status Update, Filing No. 9.  Both of these Motions are addressed through this Memorandum and Order and will be granted.  Plaintiff also filed a Motion for Extension of Time, Filing No. 8.  Plaintiff states that he is enrolled in a substance abuse program that may impact his access to the law library and requested an "extension of time."  Filing No. 8 at 1. Plaintiff did not indicate what time he seeks to extend, but the Court will grant the Motion. Should Plaintiff need additional time to complete service or comply with any other Court deadlines, he may file another motion for extension of time.

## V. CONCLUSION

This case may proceed to service of process only on Plaintiff's claims against Defendants Shane Thurman and Daniel Danaher. All other claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process on the Eighth Amendment claim against Defendant Shane Thurman, for alleged use of excessive force, and on the Eighth Amendment claim against Defendant Daniel Danaher, for alleged deliberate indifference to Plaintiff's serious medical needs. All other claims and parties are dismissed without prejudice.

2. The Clerk of Court is directed to terminate Taggert Boyd as a defendant in this case and to update the caption to correct the spelling of Dr. Danaher's name to "Dr. Daniel Danaher."

3. For service of process on Defendant Shane Thurman, in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form using this address:

   Nebraska Diagnostic and Evaluation Center
   3220 West Van Dorn Street
   P. O. Box 22800
   Lincoln, NE 68542-2800

4. For service of process on Defendant Daniel Danaher, in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form using this address:

   Lincoln Correctional Center
   3216 West Van Dorn Street
   P. O. Box 22800

Lincoln, NE 68542-2800

5. The Clerk of Court is further directed to issue a summons form and USM-285 form for each Defendant using this address:

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509

See Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

6. The Clerk of Court shall then forward the completed forms to the Marshals Service together with a sufficient number of copies of Plaintiff's Complaint, Filing No. 1, and this Memorandum and Order.[5]

7. **The Marshals Service shall serve Defendants Shane Thurman and Daniel Danaher, in their individual capacities, at the addresses of the Nebraska Department of Correctional Services facilities shown above**, by certified mail or other authorized method of service. See Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01.

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g., Beyer v. Pulaski County Jail,* 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

8. **In addition, the Marshals Service shall serve Defendants Shane Thurman and Daniel Danaher, in their individual capacities, at the Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**, by certified mail or other authorized method of service. See Fed. R. Civ. P. 4(e); Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

9. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. The Clerk of the Court is directed to set the following pro se case management deadline: **October 15, 2024**: check for completion of service of process.

11. The Clerk of the Court is further directed to update Plaintiff's address to the Tecumseh State Correctional Institution, PO Box #900, Tecumseh, NE 68450.

12. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

13. Plaintiff's Motion for Summons, Filing No. 4; Motion for Extension of Time, Filing No. 8; and Motion for Status Update, Filing No. 9; are granted consistent with this Memorandum and Order.

Dated this 15th day of July, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge