IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SHANE THURMAN, and DR. DANIEL DANAHER,<br><br>　　　　　Defendants. | 8:23CV178<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on several Motions. For the reasons set forth below, Plaintiff's Motion captioned as a Motion for Extension of Time, Filing No. 12, will be granted. Defendants' Motion to Extend Responsive Pleading Deadline, Filing No. 13, and Motion to Extend Time to File an Objection, Filing No. 19, will also be granted. The remaining Motions will be denied.

### I. Plaintiff's Motion for Extension of Time, Filing No. 12

　　　Though captioned as a "Motion for Extension of Time," the Motion also seeks leave to file an amended complaint. See Filing No. 12 at 1. Plaintiff explained that although the Court permitted Plaintiff's claims to proceed against Defendants Shane Thurman and Dr. Daniel Danaher, see Filing No. 10, Plaintiff's discovery strategy centered on previously dismissed Defendant Taggert Boyd. Filing No. 12 at 1. Accordingly, Plaintiff asserts he must submit an amended complaint to "start all over." *Id*.

　　　Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Pursuant to the Court's local rules, "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that

clearly identifies the proposed amendments." NECivR 15.1(a). To the extent Plaintiff seeks leave to file an amended complaint, Plaintiff did not comply with NECivR 15.1(a). Plaintiff explained that his research time in the prison law library was limited and implied that he had been unable to draft an amended complaint. He therefore requested a 150-day extension to prepare and file an amended complaint. Filing No. 12 at 1.

The Court will grant Plaintiff an extension to file a motion for leave to amend his complaint that complies with NECivR 15.1(a). If Plaintiff chooses to file a motion to amend, the motion must include a complete amended pleading that contains all the claims he wishes to assert against all the Defendants. Should Plaintiff choose to file a motion to amend the complaint, the Court need not conduct another review of any claims the Court has already permitted to proceed against Defendants. However, Plaintiff is advised that the Court reserves the right to review any additional claims under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Although the Court will grant an extension of time to file a motion to amend, a 150-day extension is not necessary. Plaintiff has notified the Court that he is no longer incarcerated, see Filing No. 24, and the Nebraska Department of Correctional Services website indicates that Plaintiff was released on discretionary parole on November 6, 2024.[1] Accordingly, Plaintiff is no longer subject to the same restrictions on research or library time. Moreover, the Court has already permitted Plaintiff's claims against Defendants to proceed and there is no apparent reason that Plaintiff requires 150 days to prepare a motion to amend or a proposed pleading. Plaintiff shall have 30 days from

---

[1] NDCS Inmate Search, available at https://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?return=, last visited November 22, 2024. See also Stutzka v. McCarville, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records).

the date of this order to file a motion to amend the complaint. If Plaintiff chooses not to file a motion to amend the complaint, then this matter will proceed on the existing Complaint, Filing No. 1, in accordance with the Court's initial review order, Filing No. 10.

### II. Defendants' Motion to Extend Responsive Pleading Deadline, Filing No. 13

Defendants request an order extending Defendants' time to file a responsive pleading until 14 days after Plaintiff files an amended complaint, or the Court denies Plaintiff's motion to file an amended complaint. Filing No. 13. The Court finds Defendants' Motion should be granted, in part. If Plaintiff chooses to file a motion to amend his complaint, Defendants must file a responsive pleading within 14 days of the date the Court grants or denies Plaintiff's motion to file an amended complaint. If Plaintiff does not file a motion to amend the complaint within the time allowed, Defendants must file a responsive pleading within 45 days of the date of this Memorandum and Order.

### III. Plaintiff's Motion for Default Judgment, Filing No. 18[2]

Plaintiff filed a Motion captioned as a "Motion for Summary Judgment by Default," which the Court construes as a motion for default judgment. Plaintiff argues that both Defendants were served on July 18, 2024, Filing No. 18 at 1, but that the time for them to file a responsive pleading expired before Defendants filed their Motion to Extend the Responsive Pleading Deadline on August 27, 2024, *see* Filing No. 13. Because Defendants allegedly failed to timely respond, Plaintiff seeks a default judgment against both Defendants.

---

[2] Defendants also filed a Motion for Extension of Time to Respond to Plaintiff's Motion, Filing No. 19. Plaintiff opposes the Motion to Extend in Motions captioned "Motion for Summary Judgment," Filing No. 22, and in a Motion for Objection to Defendants' Motion and Objection, Filing No. 23. After review, the Court finds the Defendants' Motion for Extension should be granted and the Court has considered the Defendants' response, Filing No. 21, and Index of Evidence, Filing No. 20, in opposition to Plaintiff's Motion. Accordingly, Plaintiff's Motions at Filing Nos. 22 and 23 are denied.

When a party has failed to plead or otherwise defend against a pleading listed in Federal Rule of Civil Procedure 7(a), entry of default under Fed. R. Civ. P. 55(a) may be made by the clerk of court. Once the clerk of court has entered default, a court may issue a default judgment, which is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55; *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

Plaintiff has not requested that the Clerk of Court enter default. However, even if the Clerk of Court had entered default,[3] default judgment would be inappropriate in this case for several reasons. Federal Rule of Civil Procedure 55(c) states that the Court "may set aside an entry of default for good cause . . . ." To determine whether good cause exists, the Court considers (1) whether the conduct of the defaulting party was blameworthy or culpable, (2) whether the defaulting party has a meritorious defense, and (3) whether the other party would be prejudiced if the default were excused. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008).

The Court concludes default, if it existed, should be set aside here because Defendants were not culpable or intentional, nor would Plaintiff be prejudiced if default were to be set aside. First, Defendants were not culpable or intentional in their delay. The Eighth Circuit draws a distinction between intentional delay or disregard for deadlines and procedural rules, and a "marginal failure" to meet pleading or other deadlines. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Here, any delay is

---

[3] A default judgment may be entered by the clerk where "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). That is not the case here. Any default judgment will need to be entered by the Court pursuant to Rule 55(b)(2).

4

at most marginal because there is some question about whether the Defendants defaulted at all.

Under Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Nebraska Revised Statute § 25-511 provides that a state employee "sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf . . . must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02." Section 25-508.01(1), in turn, provides that "[a]n individual party . . . may be served by personal, residence, certified mail, or designated delivery service[,]" with Neb. Rev. Stat. § 25-510.02(1) allowing for "any employee of the state . . . sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General . . . or by certified mail or designated delivery service addressed to the office of the Attorney General." Thus, a state employee sued in their individual capacity must be served at the Office of the Nebraska Attorney General as well as by "personal residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1).

For Defendant Danaher, the return of service for his summons and complaint reflects that an individual named Dilsher Omar signed for their receipt at the Lincoln Correctional Center on August 1, 2024. *See* Filing No. 15 at 1. However, the return of service for the Office of Nebraska Attorney General reflects that the summons and complaint were received by it on August 7, 2024. *See* Filing No. 14 at 4. Accordingly,

5

service was not completed on Defendant Danaher in the Office of the Nebraska Attorney General until August 7, 2024. Because Danaher filed his motion to extend deadline to file responsive pleading on August 27, 2024, he appears to have responded within 21 days of completed service.

For Defendant Thurman, he was served at the Office of the Nebraska Attorney General on August 1, 2024. *See* Filing 16 at 4. However, he affirmed that he did not receive, nor was he made aware of the Summons or Complaint until August 8, 2024. Filing No. 20-1 at 1. Thurman's Return of Service from the Nebraska Diagnostic and Evaluation Center (now called RTC) reflects that an individual named Dilsher Omar signed for the receipt of the summons and complaint on August 1, 2024. *See* Filing No. 17 at 4. There is no indication that this person is Thurman's agent or a family member and Thurman did not sign the return. Filing No. 20-1 at 2. Thurman asserts that from August 1 to August 6, 2024, he was on annual leave and not at RTC. *Id.* Thus, he did not receive, nor was he made aware of the Summons and Complaint until August 8, 2024, when he checked his mailbox at work. *Id.* Once Thurman learned of it on August 8, 2024, he immediately provided the Summons and Complaint to his facility's public information officer who then contacted the Office of the Nebraska Attorney General. *Id.* Thus, any delay by Thurman cannot be said to be intentional or a blatant disregard for deadlines.

Additionally, even if Thurman's response was late, a six-day delay in Thurman's filing of his responsive pleading does not prejudice Plaintiff. As described above, Plaintiff filed his Motion to for Extension to File an Amended Complaint, Filing No. 12, on August 19, 2024. Thus, even if Thurman had been properly served on August 1, 2024, Plaintiff filed his Motion three days before a responsive pleading would have theoretically been

6

due for Thurman. Accordingly, even if there was a six-day delay in Thurman's filing a response, Plaintiff's own Motion demonstrates he has not been prejudiced.

Default judgments are disfavored by the law, and entry of default judgment should be a rare judicial act. See *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993); *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The circumstances of this case do not warrant default judgment and default, if there was any, would be set aside. Accordingly, Plaintiff's Motion for Summary Judgment by Default, Filing No. 18, is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time, Filing No. 12, is granted, consistent with this Memorandum and Order. Plaintiff shall have 30 days from the date of this order to file a motion to amend his complaint that complies with NECivR 15.1(a).

2. If Plaintiff chooses to file a motion to amend the Complaint and the motion to amend the Complaint is granted, the amended complaint, when filed, will supersede, rather than supplement, the original Complaint.

3. Defendants' Motion for Extension of Time to File a Responsive Pleading, Filing No. 13, is granted, as follows:

    a. If Plaintiff chooses to file a motion to amend his complaint, Defendants must file a responsive pleading within 14 days of the date the Court grants or denies Plaintiff's motion to file an amended complaint.

    b. If Plaintiff chooses not to file a motion to amend the complaint, Defendants must file a responsive pleading to the original Complaint within 45 days of the date of this Memorandum and Order.

4. Plaintiff's Motion for Summary Judgment by Default, Filing No. 18, is denied.

5. Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion, Filing No. 19, is granted.

6. Plaintiff's Motion for Summary Judgment, Filing No. 22, and Motion for Objection to Defendants' Motion and Objection, Filing No. 23, are denied.

Dated this 26th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge