IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

    Plaintiff,

vs.

SHANE THURMAN, and DR. DANIEL DANAHER,

    Defendants.

8:23CV178

MEMORANDUM AND ORDER

    This matter is before the Court on its own motion. Plaintiff, who advised he is no longer incarcerated, filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 28, which was granted, Filing No. 32. Additionally, Defendants in this matter have been served and have filed an Answer, Filing No. 31, in accordance with the Court's Memorandum and Order dated November 26, 2024, Filing No. 26. Because Defendants have been served and answered, this case will be removed from the pro se docket.

    In the November 26, 2024, Memorandum and Order, the Court granted Plaintiff an extension of time to file an amended complaint but instructed him to comply with NECivR 15.1(a) and "file a motion for leave to amend his complaint" which "must include a complete amended pleading that contains all the claims he wishes to assert against all the Defendants." Filing No. 26 at 2. The Court imposed a deadline of December 26, 2024, for Plaintiff to file a motion to amend the complaint and stated that if Plaintiff chose not to file a motion to amend the complaint, this matter would proceed on the original Complaint. *Id.* at 2-3.

On December 26, 2024, Plaintiff filed an Amended Complaint, *see* Filing No. 29, but did not file an accompanying motion to amend his complaint pursuant to NECivR 15.1(a). In their Answer, Defendants stated that they were treating Plaintiff's original Complaint, Filing No. 1, as the operative pleading in this case rather than the Amended Complaint. Defendants explained that because Plaintiff failed to file a motion to amend, as instructed, Defendants' Answer responded to Plaintiff's original Complaint. *See* Filing No. 31 at 2.

Although Plaintiff failed to file a motion with his Amended Complaint, the Court will construe the Amended Complaint as a motion to amend. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Further, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

The Court is sympathetic to Defendants' confusion, but in the interest of justice, the Court concludes Plaintiff's Amended Complaint substantially complies with NECivR 15.1(a). *See also* NEGenR 1.1(c) ("[I]n the interest of justice a judge may deviate from this court's rules or procedures."). The Court's previous Memorandum and Order granted leave to file a motion to amend and specified that the proposed pleading had to be attached to the motion. *See* Filing No. 26 at 1-2. Although Plaintiff failed to file a motion, the proposed Amended Complaint gives fair notice of the nature and basis or grounds for Plaintiff's claims. Accordingly, the Court will construe the Amended

Complaint as a motion to amend. The Amended Complaint will be the operative complaint in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint, Filing No. 29, which the Court construes as a motion to amend, is granted. The Amended Complaint shall be the operative complaint in this matter.

2. Defendants Answer, Filing No. 31, is stricken, and Defendants must file a responsive pleading to the Amended Complaint, Filing No. 29, within 14 days of the date of this Memorandum and Order.

3. The Clerk of Court is directed to set a case management deadline using the following text: **February 14, 2025**: Defendants' response to Amended Complaint due.

4. Because Plaintiff is no longer incarcerated and this case has proceeded to service of process, and at the direction of the Court, this case is removed from the pro se docket.

5. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 30th day of January, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge