IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>            Plaintiff,<br><br>vs.<br><br>SHANE THURMAN, and DR. DANIEL DANAHER,<br><br>           Defendants. | **8:23CV178**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, Filing No. 43; Motion to Extend Deadline, Filing No. 45; Motion for Discovery of Time Stamped Video Footage, Filing No. 46; Motion to Extend Responsive Deadline, Filing No. 47; Motion to Compel Discovery, Filing No. 48; and Motion for Notice of Hearing, Filing No. 51, and a motion captioned as a "Order to Show Cause for a Preliminary Injunction." Filing No. 56. For the reasons stated,[1] the Motions will be denied.

## I. MOTIONS TO EXTEND (Filing No. 45 and Filing No. 47)

The Court set a discovery deadline of April 7, 2025, to serve interrogatories, requests for admission and requests for production or inspection. Filing No. 42 (the "Progression Order"). Plaintiff's Motion to Extend, Filing No. 45, and Motion for Responsive Deadline, Filing No. 47, request that the deadline for serving this discovery be extended from April 7, 2025, to April 14, 2025.[2] On March 31, 2025, Plaintiff filed Certificates of

---

[1] The Court addresses the Motions in order of procedural relevance.

[2] Plaintiff's Motion to Extend, Filing No. 45, does not specify a requested time period for an extension, but is otherwise substantively similar to Plaintiff's request in Filing No. 47.

Service indicating that he served Defendants with interrogatories, Filing No. 49, and requests for admissions, Filing No. 50. Thus, it appears Plaintiff served discovery prior to the deadline in the Progression Order, Filing No. 42, and these Motions are moot.

## II. MOTION TO COMPEL (Filing No. 48)

Plaintiff also filed a motion labeled "Motion to Compel Discovery" but the filing appears to be Plaintiff's requests for production of documents. *See* Filing No. 48 at 1 ("The Plaintiff is making a request for Production of Documents under the rule 34 (a)-(i) and 34(b) (2-3) of the Federal Rules of Court of the Discovery."). The Court has reviewed this filing but does not find that Plaintiff is requesting any relief from the Court, which is the hallmark of a motion. *See* Fed. R. Civ. P. 7(b). This is an unauthorized filing which will be ordered stricken from the Court file. *See* NECivR 5.4(a) ("Disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), depositions, interrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect must not be filed until needed for trial, resolution of a motion, or on the court's order."). The Court notes that discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

## IV. MOTION FOR DISCOVERY (Filing No. 46)

Plaintiff's Motion for Discovery, Filing No. 46, requests that the Court order "DEC/RTC produce the time stamped video footage of the Plaintiff being apprehended on June 6th, 2019 at 9:00 am on yards 4 and 5 of the Diagnostic

---

Because the Motion for Responsive Deadline, Filing No. 47, requests an extension of fourteen days, the Court presumes Plaintiff is requesting a fourteen-day extension.

and Evaluation Center." *Id.* at 1. Plaintiff acknowledges that he has seen video footage of his apprehension but has not seen the "Time Stamped Video Footage." *Id.*

Plaintiff's request is unclear. To the extent Plaintiff is making a request for production, the request is improper and must be denied. As noted above, discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a).

To the extent Plaintiff requests a court order compelling Defendants to produce a time-stamped video, the Motion is premature. Plaintiff does not allege that Defendants have denied a properly served request to produce the requested video in this case. Further, Plaintiff has not made the required showing that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(j).[3] This rule does not contain an exception for pro se prisoners. *Stanko v. Sanchez*, No. 8:06CV510, 2007 WL 2746859, at *2 & n. 3 (D. Neb. Sept. 18, 2007).

### VII. MOTION FOR ORDER TO SHOW CAUSE (Filing No. 56)

Plaintiff's Motion at Filing No. 56 is captioned "Order to Show Cause for a Preliminary Injunction." Although Plaintiff invokes Federal Rule of Civil

---

[3] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." NECivR 7.1(j).

3

Procedure 65, his Motion seeks to compel Defendants to answer Plaintiff's interrogatories, requests for production of documents, and requests for admission. Filing No. 56 at 1-2. Thus, the Motion will be construed as a motion to compel. Like Plaintiff's Motion for Discovery, Filing No. 46, Plaintiff has not made the required showing in this Motion that he has attempted to confer with Defendants to obtain the contested discovery without court action. Fed. R. Civ. P. 37(a)(1). Further, Plaintiff's only specific argument is that Defendants objected to all forty of Plaintiff's requests for admissions. *Id*. at 2. This argument lacks any context that would allow the Court to determine whether Defendants' objections have merit. Further, other than to state that Defendant's "don't feel they have to answer any discovery requests," Plaintiff does not directly allege that Defendants have denied or unjustifiably objected to properly served requests for admissions or interrogatories. For these reasons, the Motion is denied.

### VIII. MOTION FOR HEARING (Filing No. 51)

Plaintiff filed a Motion for Notice of Hearing, Filing No. 51, that the Court construes as a request for a hearing. Plaintiff states that testimony at the hearing would be based on:

> USE OF FORCE, INITIAL INFORMAL GRIEVENCE, INITIAL INSIDENT REPORT, DISCOVERY OF INITIAL MISCONDUCT REPORT, LAW ENFORCMENT MISCONDUCT, PRISON CONSPIRACYS, MEDICLE MALPRACTICE, ADMINISTRATIVE BULLYING [sic].

Filing No. 51 at 1. Plaintiff also lists several individuals identified as "persons to be served subpoenas." *Id*.

Plaintiff's Motion for Hearing appears to request a hearing on the ultimate merits of his case, that includes the presentation of evidence—in essence, a trial. At this stage, the parties have not completed discovery.

Accordingly, the Court cannot yet determine whether a trial is necessary or appropriate. The Motion is denied.

### VIII.  MOTION TO APPOINT COUNSEL (Filing No. 43)

Plaintiff has also filed a motion seeking the appointment of counsel, Filing No. 43. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 859 F. App'x 3, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case, either legally or factually. Plaintiff's pleadings and motions are coherent and shows he has a basic understanding of applicable law and procedure. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion to Appoint Counsel, Filing No. 43, is denied without prejudice to reassertion.

2.  Plaintiff's Motion to Extend Deadline, Filing No. 45 and Motion to Extend Responsive Deadline, Filing No. 47, are denied as moot.

3.  Plaintiff's Motion for Discovery of Time Stamped Video Footage, Filing No. 46, construed as a motion to compel discovery, is denied.

4.  Plaintiff's Motion to Compel Discovery, Filing No. 48, shall be stricken from the Court file.

5.  Plaintiff's Motion for Notice of Hearing, Filing No. 51, is denied.

6.  Plaintiff's "Order to Show Cause for a Preliminary Injunction," Filing No. 56, construed as a motion to compel, is denied.

Dated this 10th day of June, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge